# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| CHARLES MOODY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-cv-1379 |
| RICARDO RIOS, | ) |
| Defendant. | ) |

## O P I N I O N and O R D E R

Before the Court is the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Charles Moody (Doc. 1).

Petitioner states that he was convicted on an unspecified date for violation of federal drug laws by the District Court for the Western District of Michigan (Case No. 1:02-94-01). He further states that he filed a Motion pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel which was denied by the district court. Petitioner is currently housed at the Federal Correctional Institute in Pekin, Illinois.

The docket sheet in Petitioner's criminal case reveals that judgment was entered on his criminal case on August 27, 2002 after a guilty plea. *United States v. Moody*, 1:02-cr-00094 (WD MI). Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence on March 4, 2005. That Motion was denied on March 25, 2005 at untimely. *Moody v. United States of America*, 1:05-cv-164 (WD MI).

In the Petition before this Court, Petitioner alleges that he is "Actually innocent of the career offender enhancement imposed as a result of his walk-away escape conviction." In his prayer for relief, Petitioner seeks a new sentencing hearing. It is clear that Petitioner's argument relates to his 2002 sentence.

Section 2255(a) provides that a federal prisoner may move to vacate, set, aside, or correct a sentence that is imposed in violation of the Constitution or the laws of the United States. This section is a substitute for a petition for a writ of habeas corpus for a federal prisoner. *See Morales v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). As such, Petitioner should have raised his sentencing argument in a § 2255 Motion.

Section 2255(e) goes on to provide that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

For purposes of this subsection, the Seventh Circuit Court of Appeals has stated that a § 2255 Motion is inadequate if a structural problem in § 2255 prevents at least one round of collateral review; and then, only if there is a claim of actual innocence. *See Taylor v. Gilke*, 314 F.3d 832 (7th Cir. 2002) and *In re Davenport*, 147 F.3d 605 (7th Cir. 1998).

Perhaps in recognition of the dictates of § 2255, Petitioner uses the catch-phrase "actual innocence" in his Petition. However, it is clear that Petitioner is merely arguing that his sentence was in error or excessive. Such a claim should

have been made in a § 2255 Motion and Petitioner has presented no argument or authority that would render such a motion ineffective.

Therefore, pursuant to Rule 4 of the Rules governing Section 2254 Cases (which also apply to § 2241 Petitions, *See* Rule 1(b)), § 2255(e), and § 2255(h), which provides for dismissal of a second or successive § 2255 Petition filed without prior Circuit Court approval, this matter is DISMISSED WITH PREJUDICE.


CASE TERMINATED.



Entered this <u>6th</u> day of December, 2010

                                                                   s/ Joe B. McDade
                                                              JOE BILLY MCDADE
                                        United States Senior District Judge